## JOHN PIERCE VS. T. R. HUDDLESTON.

Under the United States Internal Revenue law of 1862, a writ of certiorari was not subject to a stamp duty.

This is an appeal from an order of the District Court of Dakota County dismissing the action.

A sufficient statement of the case appears in the opinion of the Court.

T. R. HUDDLESTON, Appellant in person.

CLAGETT & CROSBY for Respondent.

*By the Court*—WILSON, C. J.—This case was commenced before a Justice of the Peace, and after judgment removed by a writ of certiorari into the District Court of Dakota county. In the District Court the counsel for the plaintiff "moved that the action be dismissed on the ground that the writ of certiorari had not affixed thereto a revenue stamp as required on writs of original process." The motion having been allowed and the action dismissed, the defendant appeals to this Court.

The only question in the case is whether the writ of certiorari was subject to a stamp duty. The writ was issued and the case decided while the revenue law of 1862 was in force. That law provided that "writs or other original process by which a suit is commenced in any Court of record," should be subject to a stamp duty of fifty cents. This is the only provision of that act by which it is claimed a stamp duty is imposed on a writ of certiorari. By the express terms of this section its operation is confined to "original process," which is defined by the statute to be the means *by which a suit is commenced.* A writ of certiorari does not fall within this definition or description, and therefore is not subject to a stamp duty.

The order appealed from is reversed.